BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
ROGER A. HSIEH (Cal. Bar No. 294195)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
MATT COE-ODESS (Cal. Bar No. 313082)
Assistant United States Attorney
General Crimes Section
    1100/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0600/8957
    Facsimile: (213) 894-6265
    E-mail: Roger.Hsieh@usdoj.gov
          Matt.Coe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>PERCY DEAN ABRAMS,<br><br>        Defendant. | No. CR 2:20-00536-DMG-2<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT PERCY ABRAMS' SENTENCING POSITION PAPER (DKT. 267)<br><br>Hearing Date: August 5, 2025<br>Hearing Time: 10:00 a.m.<br>Location:     Courtroom of Chief Judge Dolly M. Gee |
|---|---|

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Roger A. Hsieh and Matt Coe-Odess, hereby files its response to defendant Percy Abrams' sentencing position paper (Dkt. 267).

//

//

//

The government's response is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report and Sentencing Recommendation, and any other evidence and argument as the Court may permit.

Dated: July 29, 2025                    Respectfully submitted,

                                        BILAL A. ESSAYLI
                                        United States Attorney

                                        CHRISTINA T. SHAY
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        ROGER A. HSIEH
                                        MATT COE-ODESS
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant ABRAMS's sentencing position simultaneously suggests he may be "mentally incompetent to a large extent" while also representing that he can "understand the nature and consequences of the proceedings against him." (Dkt. 267 at 2.) The government's position, as discussed further below, is that the Court should inquire of defendant to determine whether he is able to understand the nature and consequences of the proceedings against him and assist in his defense. See 18 U.S.C. § 4241(a). If the Court is satisfied with its inquiry, it may proceed to sentencing. If the Court is not satisfied with its inquiry, it should sua sponte order a hearing on defendant's competency before proceeding to sentencing and follow the procedures under 18 U.S.C. § 4247(d). See 18 U.S.C. § 4241(c). The Court can order a psychiatric or psychological examination, and the Court may commit defendant to be examined for a reasonable period, including to the custody of the Attorney General. 18 U.S.C. § 4247(b).

**II.  COMPETENCY TO PROCEED TO SENTENCING (18 U.S.C. § 4241)**

Under 18 U.S.C. § 4241(a), the defendant or the government may file a motion after the commencement of a prosecution and prior to sentencing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

//

1

Although neither defendant nor the government has moved for a competency hearing under 18 U.S.C. § 4241, defendant states that he has Alzheimer's disease and related dementia and claims "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to a large extent[.]"  (Dkt. 267 at 2:16-18 (emphasis added).)  Defendant goes on to qualify that statement by noting "undersigned counsel does not believe that Mr. Abrams is unable to understand that nature and consequences of the proceedings against him or to assist properly in his defense[.]"  (Id. at 2:18-20.)

A Court must consider whether substantial evidence exists such that a reasonable judge would harbor a genuine doubt as to the defendant's competence before proceeding to sentencing.  See United States v. Garza, 751 F.3d 1130, 1134 (9th Cir. 2014).  The Ninth Circuit will review a District Court's decision to not sua sponte hold a competency hearing for plain error.  Id.; see also id. (citing two cases and noting "even some medical evidence of an extraordinarily debilitating condition—does not rise to the level of substantial evidence").

The Court should consider at least two key factors as to whether to hold a competency hearing for defendant prior to sentencing: (1) whether there is strong evidence of a serious mental disease or defect; and (2) whether there is a clear connection between that disease or defect and some failure by the defendant to understand the proceedings or assist in his own defense.  Id. at 1135.  Here, defendant states that he has both Alzheimer's disease and related dementia.  Dementia can qualify as a serious mental disease or

defect. Id. at 1137. If the condition at issue is disputed, defendant needs strange behavior to satisfy the first factor. Id.

As to the second factor, "the defendant's ability to participate or assist his counsel must be evaluated in light of the type of participation required." United States v. Dreyer, 705 F.3d 951, 961 (9th Cir. 2013). "Competence at sentencing therefore requires, among other things, that the defendant be able to assist in his own defense by participating in his 'elementary right' of allocution." Id. at 962. The Court should conduct an inquiry of defendant to determine whether it is satisfied that defendant understands the sentencing proceedings and can assist in his own defense, including his right of allocution. See Garza, 751 F.3d at 1137 (noting defendant understood the nature of the proceedings because he described them accurately and in his own words); cf. Dreyer, 705 F.3d at 961-62 (finding district court committed plain error by failing to sua sponte order competency hearing where defendant refrained from allocating due to dementia and might contradict himself by accepting responsibility and then refusing to do so or would speak inappropriately).

If there is not substantial evidence that a reasonable judge would harbor a genuine doubt as to the defendant's competence, the Court may proceed to sentencing as to defendant Abrams. If there is substantial evidence, on the other hand, the Court should sua sponte order a hearing on defendant's competency before proceeding to sentencing and follow the procedures under 18 U.S.C. § 4247(d). See 18 U.S.C. § 4241(c). The Court can order a psychiatric or psychological examination, and the Court may commit the person to be

examined for a reasonable period, including to the custody of the Attorney General.  18 U.S.C. § 4247(b).

### III. HEARING PROCEDURE UNDER 18 U.S.C. § 4241

If the Court is inclined to hold a hearing under 4241(c),[1] the Court can order a psychological or psychiatric examination of defendant to be conducted <u>after</u> defendant has been committed to the custody of the Attorney General for such examination for up to 45 days.  <u>See</u> U.S.C. § 4247(b).  In that event, the Court's order for an examination under Section 4241(b) is provided to BOP, and Section 4241(b) evaluations are performed at BOP medical centers with forensic psychologists on staff.

Section 4247(c) outlines the information to be provided to the Court after such an examination and shall also include an opinion on whether the defendant needs care or treatment in a suitable facility. Under § 4241(d), if, after a hearing, "the court finds by a preponderance of the evidence at the hearing that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court <u>shall</u> commit the defendant

---

[1] Separate from defendant's competency to proceed to sentencing under 18 U.S.C. § 4241, 18 U.S.C. § 4244 allows for a motion to determine the present mental condition of a convicted defendant.  <u>See</u> <u>United v. Girardi</u>, 2:23-cr-00047-JLS, Dkt. 431 (C.D. Cal. Dec. 16, 2024).  Under 18 U.S.C. § 4244(a), the Court may order a hearing on its own motion any time prior to sentencing, "if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility."  Neither party has requested a hearing under 18 U.S.C. § 4244 which also follows the procedures outlined in 18 U.S.C. § 4247(d).  <u>See</u> 18 U.S.C. § 4244(d).

4

to the custody of the Attorney General." (emphasis added). Thereafter, it will be determined whether defendant can proceed to sentencing.  If defendant's mental condition has not improved as to permit the proceedings to go forward, defendant is subject to 18 U.S.C. §§ 4246, 4248.  See 18 U.S.C. § 4241(d).

**IV. CONCLUSION**

The government respectfully submits that the Court should inquire into defendant's ability to understand the nature and consequences of the proceedings against him and to assist properly in his defense regarding sentencing.  If the Court finds that there is substantial evidence that a reasonable judge would harbor a genuine doubt as to the defendant's competence, the Court should order an examination and hearing consistent with 18 U.S.C. § 4247.  If it does not, the Court may proceed to sentencing.